947 F.2d 949
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lincoln Lane ADDLEMAN, Jr., Plaintiff-Appellant,
v.
WASHINGTON SENTENCING GUIDELINES COMMISSION, et al.,
Defendants-Appellees.
 No. 90-35159.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 23, 1991.*
Decided Oct. 28, 1991.
 
 Before SNEED, HUG and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lincoln Lane Addleman, Jr., a Washington state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous pursuant to 28 U.S.C. § 1915(d). We review de novo. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). We affirm in part and vacate and remand in part.
 
 
 3
 * Dismissal of Action as Frivolous
 
 
 4
 Frivolous in forma pauperis complaints may be dismissed sua sponte under 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 319, 329 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Id. at 325.
 
 
 5
 In his complaint, Addleman alleged that the Washington Sentencing Guidelines Commission ("Guidelines Commission"), state legislators, and state superior court judges have conspired to deprive him of his constitutional rights. In particular, Addleman contends that (1) the state legislature exceeded its authority by enacting two statutes regarding sentencing guidelines, and (2) the judges breached their oath of office by serving on the Guidelines Commission.[1]
 
 
 6
 Addleman's claims rest on the premises that (1) it is unconstitutional for judges to serve on a sentencing guidelines commission, and (2) the sentencing guidelines themselves are unconstitutional. Nevertheless, the United States Supreme Court has held that the participation of active judges on a sentencing guidelines commission is constitutional. See Mistretta v. United States, 488 U.S. 361, 397 (1989). Moreover, the Supreme Court held that federal sentencing guidelines are constitutional. Id. at 412. Addleman's claim that Washington's sentencing guidelines are unconstitutional is wholly unsubstantiated. Because Addleman's complaint lacks an arguable basis in law or fact, the district court did not err in dismissing it. See Neitzke, 490 U.S. at 325.
 
 II
 Pre-Filing Restrictions
 
 7
 Addleman challenges the district court's order requiring Addleman in future actions to show good cause why he should be permitted to proceed in forma pauperis. We review the district court's order for an abuse of discretion. O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir.1990).
 
 
 8
 A district court must adhere to the following guidelines before imposing on a plaintiff special conditions for filing future actions in forma pauperis:
 
 
 9
 (1) a plaintiff must be given adequate notice to oppose a restrictive pre-filing order before it is entered; (2) a trial court must present an adequate record for review by listing the case filings that support its order; (3) the trial court must further make substantive findings as to the frivolousness or harassing nature of the plaintiff's filings; and (4) the order must be narrowly tailored to remedy only the plaintiff's particular abuses.
 
 
 10
 Id. (citing DeLong v. Hennessey, 912 F.2d 1144, 1147-49 (9th Cir.1990)).
 
 
 11
 The record does not indicate that Addleman was given adequate notice and an opportunity to be heard before entry of the district court's order restricting his future filings. Accordingly, we remand to allow the district court to give Addleman the opportunity to oppose the order's filing.
 
 
 12
 The district court's order presents an adequate record for review because it includes both (1) a list of Addleman's previously filed cases which led to its conclusions, and (2) explicit substantive findings as to the frivolousness or harassing nature of his filings.
 
 
 13
 Finally, the district court's order is not narrowly tailored to the plaintiff's claimed abuses. Addleman's filings consisted of civil rights complaints and habeas corpus petitions. The district court order requires Addleman to show "good cause" before he makes "any future requests ... to proceed in forma pauperis." To the extent this order encompasses more than future attempts by Addleman to file civil rights cases or habeas corpus petitions, it is overly broad. See id. at 618. Accordingly, we remand to the district court on this issue as well.
 
 Conclusion
 
 14
 We affirm the district court's dismissal of Addleman's 42 U.S.C. § 1983 action as frivolous. We vacate and remand the district court's order imposing special conditions on future filings by Addleman so that the district court can review the order under the guidelines set forth in O'Loughlin. See id. at 617-18.
 
 
 15
 AFFIRMED IN PART; VACATED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Addleman requested that the district court declare unconstitutional (1) Wash.Rev.Code § 9.94A.060 (1984), which allows four superior court judges to become members of the Guidelines Commission, and (2) Wash.Rev.Code § 9.94A.070 (1986), which requires that revisions and modifications of standard sentence ranges be submitted to the state legislature every two years