962 F.2d 13
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sherry B. CALLAHAN; Jonathan E. Hughes, Plaintiffs-Appellants,
v.
Gayle GUYNUP; Mark Tansil; Patricia Gray, et al.,
Defendants-Appellees.
 Nos. 91-15560, 91-16218.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1992.*
Decided May 8, 1992.
 
 Before HUG, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sherry B. Callahan and Jonathan E. Hughes appeal pro se the district court's dismissal of their 42 U.S.C. § 1983 action and imposition of a pre-filing order. We review the dismissal de novo, Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir.1987), and the imposition of the pre-filing order for an abuse of discretion, O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir.1990). We affirm.
 
 
 3
 Callahan and Hughes challenge state court proceedings regarding personal injuries suffered by Hughes. As defendants, Callahan and Hughes named state court judges, the County of Sonoma, various private parties involved in the alleged tort, the attorneys who represented the private parties, and the attorney who represented Hughes in the state tort action.
 
 
 4
 The district court properly dismissed the action. First, to the extent that the complaint requested the district court to review the state court's judgment, the district court lacked subject matter jurisdiction over the complaint. See Mackay v. Pfeil, 827 F.2d 540, 543 (9th Cir.1987). Second, the judges are absolutely immune from section 1983 liability. See Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1394 (9th Cir.1987), cert. denied, 486 U.S. 1040 (1988). Third, the County of Sonoma cannot be held responsible on a respondeat superior theory under section 1983 for what the appellants allege to be misconduct by the judges. Davis v. Mason County, 927 F.2d 1473, 1480 (9th Cir.), cert. denied, 112 S.Ct. 275 (1991). Fourth, the attorneys and other private parties are not subject to suit under section 1983 because they are private persons who do not act under color of state law. See Polk County v. Dodson, 454 U.S. 312, 317-18 (1981). Finally, Callahan's and Hughes's conclusory allegations of conspiracy are insufficient to withstand the defendants' motion to dismiss. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982). Callahan's and Hughes's action essentially involves state personal injury and malpractice claims, and they have no federal cause of action under section 1983.
 
 
 5
 Callahan and Hughes also challenge the district court's imposition of a pre-filing order requiring that "further complaints ... [shall be] subjected to prefiling review by a Judge of this Court ... [and] shall be filed only if the reviewing Judge finds they have merit."
 
 
 6
 Before a district court issues a pre-filing order, the filing requirements must be met: (1) the plaintiff must be given notice and the opportunity to oppose the motion, (2) there must be an adequate record for review, (3) the court must make substantive findings of frivolousness, and (4) the order must be narrowly tailored to curb the abuses of the particular litigant. De Long v. Hennessey, 912 F.2d 1144, 1147-48 (9th Cir.), cert. denied, 111 S.Ct. 562 (1990). All four requirements have been met in this case.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Callahan's and Hughes's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3