990 F.2d 1256
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stokes Ray CROTTS, Jr., Plaintiff-Appellant,
v.
COUNTY OF LOS ANGELES, et al., Defendants-Appellees.
 No. 92-55560.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 5, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stokes Ray Crotts, Jr., a California state prisoner, appeals pro se the district court's denial of his motion to proceed in forma pauperis in his 42 U.S.C. § 1983 action. The district court denied his motion to proceed in forma pauperis on the basis that the complaint violated Rule 8 of the Federal Rules of Civil Procedure because it did not contain a short and plain statement of claims. The district court also stated that there was a questionable statute of limitations issue. Crotts' claim arises from an allegation that Los Angeles County sheriffs used excessive force when they shot and beat him, in the course of arresting him. We review for an abuse of discretion the district court's denial of a motion to proceed in forma pauperis. O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir.1990). We have jurisdiction under 28 U.S.C. § 1291. We vacate and remand.
 
 
 3
 A court may authorize the commencement or prosecution of any action without prepayment of fees and costs "by a person who makes affidavit that he is unable to pay such costs." 28 U.S.C. § 1915(a). "[A] district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the complaint that the action is frivolous or without merit." O'Loughlin, 920 F.2d at 616. A complaint is frivolous " 'where it lacks an arguable basis in law or in fact.' " Neitzke v. Williams, 490 U.S. 319, 324 (1989).
 
 
 4
 Crotts contends that the district court erred by denying his motion to proceed in forma pauperis for failure to make a short and plain statement of his claims. Fed.R.Civ.P. 8 requires that pleadings which set forth a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In civil rights actions, allegations of a pro se complaint, however inartfully pleaded, should be liberally construed. Lopez v. Dep't of Health Services, 939 F.2d 881, 882-83 (9th Cir.1991) (per curiam).
 
 
 5
 Here, Crotts submitted a 42 U.S.C. § 1983 complaint on a standard form. He attached to it a document styled "Statement of Claim" in which he set out his factual basis in numbered paragraphs. Also attached to his complaint was a document styled "Claims of Injuries and Rights Violations" in which he set out each of his injuries in numbered paragraphs. His complaint named specific defendants and stated a legal basis for his claims. Crotts also attached a page entitled "Relief" in which he numerically listed the relief he sought.
 
 
 6
 Crotts' complaint contains a concise and clear statement of his claims. It is not excessive in length or verbose. He clearly outlines the facts, the defendants, the legal basis for his claims, his injuries and the relief sought. Therefore, the district court abused its discretion by denying Crotts' motion to proceed in forma pauperis on the basis that his complaint failed to contain a short and plain statement of his claims. O'Loughlin, 920 F.2d at 616.
 
 
 7
 Crotts also contends that the district court erred by denying his motion to proceed in forma pauperis on the basis of "a questionable statute of limitations issue." He claims that because of his incarceration he was under a disability which tolled the statute of limitations even after he discovered that he had a claim.
 
 
 8
 Therefore, because it is unclear whether the district court has made a specific ruling on the statute of limitations issue, we vacate and remand with instructions to make specific factual findings on this issue. See Cal. Gov't Code § 945.3; see also Cal.Civ.Proc.Code § 352(3).
 
 
 9
 Moreover, Crotts' declaration in support of his motion to proceed in forma pauperis indicates that he has been unemployed since his incarceration, has no source of income, and has less than $50.00 in his prison account, and therefore, is unable to pay the $120.00 filing fee. Crotts' declaration supports his inability to pay filing costs. 28 U.S.C. § 1915(a).
 
 
 10
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3