17 F.3d 395
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael D. LEE, Plaintiff-Appellant,
v.
RIVERSIDE COUNTY DISTRICT ATTORNEYS OFFICE; Grace
BROUILETTE; Christine ALBERTINE, Defendants-Appellees.
 No. 93-55228.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 17, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael D. Lee appeals pro se the district court's order denying him permission to proceed without prepayment of the filing fees. The district court denied Lee permission to proceed without prepayment of the filing fees because Lee's complaint failed to comply with Local Rule 3.7.1 of the Local Rules of the United States District Court for the Central District of California;[1] failed to comply with Fed.R.Civ.P. 8(a); and stated no basis for federal jurisdiction. We have jurisdiction under 28 U.S.C. Sec. 1291. We review the district court's denial for an abuse of discretion, O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir.1990), and we vacate and remand this action to the district court for further proceedings.
 
 
 3
 The district court may authorize the commencement of any action without prepayment of fees and costs by a person who is unable to pay such costs.[2] 28 U.S.C. Sec. 1915(a). The district court may deny such permission if it appears that the action is frivolous. O'Loughlin, 920 F.2d at 616. A complaint is frivolous if it "lacks an arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 324 (1989). In a civil rights action, allegations in a pro se complaint should be liberally construed. Lopez v. Dep't of Health Services, 939 F.2d 881, 882-83 (9th Cir.1991) (per curiam). A pro se plaintiff "must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987) (quotations omitted).
 
 
 4
 Here, Lee submitted a complaint for "due process, equal protection, deprivation of civil rights under color of law, false imprisonment, and negligence." Lee appears to allege a 42 U.S.C. Sec. 1983 civil rights action, which establishes an appropriate basis for federal jurisdiction. See 28 U.S.C. Sec. 1343. He alleges that the defendants conspired under state law to violate his constitutional rights in connection with his arrest and arraignment on embezzlement and assault charges. This court has recognized that a claim of a conspiracy to violate constitutional rights may state a 42 U.S.C. Sec. 1983 cause of action. Buckey v. County of Los Angeles, 968 F.2d 791, 794, cert. denied, 113 S.Ct. 599 (1992).
 
 
 5
 Because Lee's complaint has an arguable basis in law, we vacate the district court's order denying Lee permission to file his action without prepayment of fees. We remand with instructions to the district court to grant in forma pauperis status, for the issuance and service of process, and to permit Lee to amend his complaint. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989); Noll, 809 F.2d at 1448.
 
 
 6
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Local Rule 3.7.1. requires the plaintiff to state basis of the district court's jurisdiction in the first paragraph of his complaint
 
 
 [2]
 Lee submitted a properly completed declaration in support of request to proceed in forma pauperis indicating that he is indigent