19 F.3d 1442
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carroll Dean WILLIAMS, Plaintiff-Appellant,
v.
STATE OF CALIFORNIA, et al., Defendants-Appellees.
 No. 93-56430.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 18, 1994.
 
 Before: FLETCHER, BRUNETTI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carroll Dean Williams appeals pro se from the district court's denial of leave to file his complaint in forma pauperis pursuant to 28 U.S.C. Sec. 1915(a). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 This court reviews the district court's denial of leave to proceed in forma pauperis pursuant to 28 U.S.C. Sec. 1915(a) for an abuse of discretion. See O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir.1990). The district court may deny permission to file a complaint in forma pauperis if the complaint is frivolous on its face. Id. at 616 (affirming denial of leave to proceed in forma pauperis where appellant had filed prior frivolous forma pauperis complaints and complaint at hand was frivolous on its face).
 
 
 4
 A complaint is frivolous for purposes of section 1915 where it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint is also frivolous where the defense to its allegations is complete and obvious from its face. See Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir.1984).
 
 
 5
 Appellant's complaint alleges that certain state and county officials conspired in 1977 and 1978 to obstruct an investigation into a complaint he had filed against certain police officers, and that a 1993 restraining order entered against him by defendant Judge Johnson in an ongoing state proceeding violates his constitutional rights.
 
 
 6
 Appellant's allegations relating to the city council's actions or inactions in the 1970s are barred by the statute of limitations. See Taylor v. Regents of the University of California, 993 F.2d 710, 711 (9th Cir.1993) (California's one year statute applies to 42 U.S.C. Sec. 1983 claims). As the minutes of the council meetings show, appellant was present when the actions were taken, so there can be no tolling argument to prevent application of the statute of limitations.
 
 
 7
 Appellant's allegations relating to the restraining order entered in 1993 are barred by judicial immunity. See Butz v. Economou, 438 F.2d 478, 508-09 (1978) (judges absolutely immune from suit for actions taken in official capacity); Imbler v. Pachtman, 424 U.S. 409 (1976) (prosecutors absolutely immune from suit for official actions); Burns v. County of King, 883 F.2d 819, 821-22 (9th Cir.1989) (defendants in Sec. 1983 action are absolutely immune from liability for testimony given in prior judicial proceedings).
 
 
 8
 Appellant has filed several previous frivolous forma pauperis actions in the district court and in this court. See Williams v. City of Agoura Hills, No. CV-93-03998-RSWL (C.D.Cal.1993), aff'd, No. 93-56429 (9th Cir. Mar. 8, 1994) (forma pauperis action dismissed as frivolous pursuant to 28 U.S.C. Sec. 1915(d)); In re Williams, No. 93-80421 (9th Cir. Jan. 8, 1994) (pre-filing review order issued to prevent appellant from filing further appeals in this court without prior leave of court).
 
 
 9
 Based on appellant's history of frivolous actions and the frivolity of the complaint in this action, we find that the district court did not abuse its discretion in denying appellant leave to proceed on his complaint in forma pauperis.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3