48 F.3d 1228
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Misako SEATER, Plaintiff-Appellant,
v.
CALIFORNIA STATE UNIVERSITY, FULLERTON; State of
California, Defendants-Appellees.
 No. 93-56688.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 22, 1995.
 
 IN PART AND VACATED AND REMANDED IN PART.
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Misako Seater appeals pro se the district court's denial of her request to proceed in forma pauperis under 28 U.S.C. Sec. 1915. In her civil rights action, Seater alleged she was subjected to sexual harassment and racial discrimination. The district court found the defendants immune from suit under the Eleventh Amendment and, therefore, found Seater's action to be frivolous. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and review for abuse of discretion, see O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir.1990). We affirm in part and vacate and remand in part.
 
 
 3
 Under 28 U.S.C. Sec. 1915(a), "[a]ny court of the United States may authorize the commencement ... of any suit ..., civil or criminal, ... without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." 28 U.S.C. Sec. 1915(a). A request to proceed in forma pauperis under section 1915(a), however, may be denied where it appears from the face of the complaint that the action is frivolous. O'Loughlin, 920 F.2d at 616-17. A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 4
 Seater filed a pro se complaint alleging that she was subjected to sexual harassment and racial discrimination while a student at California State University, Fullerton. She alleged violations of the Equal Protection Clause and Title VI of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000d. As defendants, Seater named the State of California and the California State University, Fullerton. Seater sought injunctive relief and monetary damages. In a summary order, the district court found Seater's claim patently frivolous because the defendants were immune from suit under the Eleventh Amendment. Because the district court determined that Seater's claims were frivolous, it denied Seater's request to proceed in forma pauperis.
 
 
 5
 Title 42 U.S.C. Sec. 1983 "authorizes a remedy against state actors for constitutional violations, including violations of the Equal Protection Clause." Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 971 n. 5 (9th Cir.1994). Nonetheless, the Eleventh Amendment bars suits against a state brought by its own citizens, whether the relief sought is money damages or an injunction. Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985); Shaw v. California Dep't of Alcoholic Beverage Control, 788 F.2d 600, 603 (9th Cir.1986). Moreover, agencies of the state, such as California state colleges and universities, are similarly immune from private damage actions or suits for injunctive relief brought in federal court pursuant to 42 U.S.C. Sec. 1983. Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir.1988), cert. denied, 490 U.S. 1089 (1989). Because California has not waived its Eleventh Amendment immunity, the district court properly found that the defendants were immune from suit on Seater's 42 U.S.C. Sec. 1983 claim. See Atascadero State Hospital, 473 U.S. at 241; Mitchell, 861 F.2d at 201; Shaw, 788 F.2d at 603-04. Therefore, the district court did not abuse its discretion by determining that Seater's 42 U.S.C. Sec. 1983 claim was frivolous. See Neitzke, 490 U.S. at 325. Accordingly, we affirm the district court's order as to this claim.
 
 
 6
 Congress, however, with the passage of 42 U.S.C. Sec. 2000d-7, specifically abrogated the states' Eleventh Amendment immunity for claims brought pursuant to the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000d. See 42 U.S.C. Sec. 2000d-7(a)(1) ("A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit for a violation of ... title VI of the Civil Rights Act of 1964 [42 U.S.C. Sec. 2000d et seq.]"). Congress waived the states' Eleventh Amendment immunity for violations of 42 U.S.C. Sec. 2000d occurring after October 21, 1986, the effective date of the legislation. See 42 U.S.C. Sec. 2000d-7(b). While it is unclear when the alleged events occurred, Seater's complaint refers to events occurring in July, 1993. Therefore, the State of California and the California State University, Fullerton, do not enjoy Eleventh Amendment immunity for Seater's claim brought pursuant to 42 U.S.C. Sec. 2000d. See 42 U.S.C. Sec. 2000d-7. Thus, the district court abused its discretion by determining that Seater's 42 U.S.C. Sec. 2000d claim was frivolous. See Neitzke, 490 U.S. at 325. Accordingly, we vacate the district court's order of dismissal as to this claim.
 
 
 7
 On remand, the district court shall provide Seater an opportunity to amend her complaint to state a non-frivolous claim of racial discrimination under Title VI, 42 U.S.C. Sec. 2000d. See Noll v. Carlson, 809 F.2d 1446, 1449 (9th Cir.1987) (holding that a district court should notify a pro se litigant of the deficiencies of the filed complaint and allow opportunity to amend).
 
 
 8
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3