Raymond H. DENTON, Jr.,
Plaintiff—Appellant,

v.

Sylvia GARCIA; et al., Defendants—
Appellees.

No. 05–55943.

United States Court of Appeals,
Ninth Circuit.

Submitted April 13, 2006.*

Decided April 17, 2006.

Raymond H. Denton, Calipatria, CA, pro
se.

Before SILVERMAN, McKEOWN, and
PAEZ, Circuit Judges.

MEMORANDUM **

Raymond H. Denton, Jr., a California
state prisoner, appeals pro se from the
district court's judgment dismissing pursu-
ant to 28 U.S.C. § 1915(e)(2)(B)(ii) his 42
U.S.C. § 1983 action alleging various pris-
on employees and officials conspired to
and did retaliate against him for filing
prison grievances. We review de novo,
*Barren v. Harrington*, 152 F.3d 1193, 1194
(9th Cir.1998) (order), and we affirm.

The district court properly dismissed
Denton's retaliation claims because he
failed to exhaust his administrative reme-
dies prior to filing his original complaint.
*See McKinney v. Carey*, 311 F.3d 1198,
1199–1200 (9th Cir.2002) (per curiam)
(holding that 42 U.S.C. § 1997e(a) requires
dismissal without prejudice where a pris-

oner has not exhausted administrative
remedies prior to filing suit).

The district court also properly dis-
missed Denton's conspiracy claims brought
under 42 U.S.C. §§ 1983 and 1985 because
vague and conclusory allegations are insuf-
ficient to state a claim for relief. *See Ivey
v. Bd. of Regents*, 673 F.2d 266, 268 (9th
Cir.1982).

The district court did not abuse its dis-
cretion in denying Denton's motion to re-
consider its order dismissing Denton's
claims against several supervisory defen-
dants. *See Sch. Dist. No. 1J, Multnomah
County v. ACandS, Inc.*, 5 F.3d 1255, 1263
(9th Cir.1993) (abuse of discretion stan-
dard); *Jeffers v. Gomez*, 267 F.3d 895, 915
(9th Cir.2001) (section 1983 supervisory li-
ability arises only upon a showing of per-
sonal participation by defendant).

**AFFIRMED.**

Taylor FORCE; et al., Plaintiffs,

and

Steven Daniel Force, an involuntary
civil detainee, Plaintiff—
Appellant,

v.

Melvin HUNTER; et al., Defendants—
Appellees.

No. 05–55917.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the

**642**

Submitted April 13, 2006.*

Decided April 17, 2006.

Steven Daniel Force, Atascadero, CA, pro se.

Before SILVERMAN, McKEOWN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Civil detainee Steven Daniel Force appeals pro se from the district court's order denying him leave to file his civil rights complaint in forma pauperis. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the denial of leave to proceed in forma pauperis, *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir.1990), and we reverse and remand.

Force's civil rights complaint alleges constitutional violations associated with Atascadero State Hospital's rules banning visitation with minor family members.

The district court's order denies Force leave to file in forma pauperis on the basis that official capacity suits for damages are barred under 42 U.S.C. § 1983. While this is correct, Force's complaint also names the defendants in their individual capacities, *see Hafer v. Melo*, 502 U.S. 21, 31, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991) (state officials named in their individual capacities are persons for purposes of section 1983); *Romano v. Bible*, 169 F.3d 1182, 1185–86 (9th Cir.1999) (where a plaintiff is seeking damages against a state

official, a strong presumption is created in favor of a personal-capacity suit because an official-capacity suit for damages would be barred). Moreover, Force's complaint requests injunctive and declaratory relief, in addition to damages. *See e.g. Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n. 10, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (state officials sued in their official capacity for injunctive relief are persons for purposes of section 1983).

Accordingly, we reverse and remand to the district court to file the complaint.

Force's extraordinary writ is denied.

**REVERSED and REMANDED.**

**Edguar Eduardo DUARTE MORALES, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72246.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2006.*

Decided April 18, 2006.

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).