**J. O'LOUGHLIN, Plaintiff–Appellant,**

**v.**

**John DOE, a member of the medical staff who administers medications at 5:00 p.m.; Director of Adult Detention, Defendants–Appellees.**

**No. 89–35755.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 2, 1990 *.

Decided Dec. 12, 1990.

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

J. O'Loughlin, pro se.

No appearance made on behalf of defendants-appellees.

Before HUG and NELSON, Circuit Judges, and WALKER,** District Judge.

NELSON, Circuit Judge:

Washington state prisoner J. O'Loughlin appeals the district court's order denying him leave to file his *pro se* civil rights complaint under 42 U.S.C. § 1983 *in forma pauperis* and requiring him to follow special procedures in any future attempts to proceed *in forma pauperis* in this case or any other filed in the Western District of Washington. We hold that the district court did not abuse its discretion by denying the plaintiff *in forma pauperis* status and accordingly AFFIRM that portion of the district court's decision. We REVERSE and REMAND, however, the district court's placement of "special condi-

** The Honorable Vaughn R. Walker, United States District Court Judge for the Northern District of California, sitting by designation.

tions" on the plaintiff's future *in forma pauperis* filings.

## FACTUAL AND PROCEDURAL BACKGROUND

J. O'Loughlin, state prisoner and plaintiff-appellant pro se, attempted to file his 42 U.S.C. § 1983 civil rights complaint *in forma pauperis* in the Western District of Washington. Plaintiff's complaint alleged that prison officials deliberately disregarded his repeated requests for aspirin and antacid for his headaches, nausea and pains in violation of the Eighth and Fourteenth Amendments. O'Loughlin also appeared to claim that prison overcrowding further indicated officials' deliberate indifference to prisoners' medical needs. O'Loughlin requested relief in the form of: (1) one million dollars in damages; (2) an order requiring the prison population to be cut to its designed limits; and (3) an order requiring prison officials to provide all prisoners with adequate medical care.

On September 28, 1989, the district court issued an order denying O'Loughlin leave to file this complaint *in forma pauperis* and only allowing him to request leave to proceed *in forma pauperis* on this complaint again if he complied with the order's restrictions on his future filings. The court ordered that "any future request" by O'Loughlin to proceed *in forma pauperis* in the Western District of Washington be denied unless he made a "showing of good cause ... as to why [he] should be permitted to sue on a particular cause ... at public expense."

Further, the court stated that before O'Loughlin would be allowed to bring any civil rights actions or petitions for writs of habeas corpus *in forma pauperis* in the Western District of Washington, he must: (1) submit all forms required by the local court rules; (2) answer all questions on the required forms completely and directly; (3) submit with any petition for writ of habeas corpus specific, affirmative evidence that he had exhausted available state remedies; and (4) submit a separate statement with civil rights complaints showing good cause for the action.

The court did not expressly state its bases for denying O'Loughlin *in forma pauperis* status and placing restrictions on his future filings. However, the court did state that it was aware of "at least" nine other complaints filed by the plaintiff since 1981 in the same district of Washington and accordingly found that he had abused his privilege to proceed *in forma pauperis*.

O'Loughlin appealed the district court's denial of leave to file *in forma pauperis* and placement of special restrictions on his future filings to this court on January 25, 1990.

## DISCUSSION

### A. *The Denial of In Forma Pauperis Status*

We review a denial of leave to proceed *in forma pauperis* for abuse of discretion. *Weller v. Dickson,* 314 F.2d 598, 600 (9th Cir.), *cert. denied,* 375 U.S. 845, 84 S.Ct. 97, 11 L.Ed.2d 72 (1963). Under the abuse of discretion standard, a reviewing court cannot reverse unless it has a definite and firm conviction that the court below committed a clear error of judgment or acted in an arbitrary fashion unjustified by the situation and circumstances of the case. *Id.* at 601. Accordingly, we cannot simply substitute our judgment for that of the lower court. *United States v. BNS, Inc.,* 858 F.2d 456, 464 (9th Cir.1988). Since a trial court has particularly broad discretion to deny a prisoner-applicant the privilege of proceeding *in forma pauperis* in civil damages actions against prison officials, we have an even more limited power of review. *Weller,* 314 F.2d at 600.

At the very least, however, a denial must be based on "something more" than a prisoner's incarcerated status. *Collins v. Pitchess,* 641 F.2d 740, 742 (9th Cir.1981). For example, "[a] district court may deny leave to proceed [*in forma pauperis*] at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust,* 821 F.2d 1368, 1370 (9th Cir.1987).

■ The district court did not clearly state its bases for denying plaintiff *in forma pauperis* status; nonetheless, we may review the order and affirm on any ground finding support in the record. *Marino v. Vasquez*, 812 F.2d 499, 508 (9th Cir.1987). The district court did expressly find that the plaintiff was placing a great burden on the court by his several previous filings and attempted filings in the Western District (nine complaints filed in eight years, in all of which he applied for leave to proceed *in forma pauperis*)[1] and therefore concluded that plaintiff was abusing his privilege to proceed *in forma pauperis*. The court could have inferred from these mass filings, combined with an examination of the allegations in the present complaint, that the claim at issue was frivolous and based its denial of *in forma pauperis* status on that.

■ An *in forma pauperis* complaint is frivolous if it has "no arguable basis in fact or law." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir.1984). Plaintiff alleges that defendants exhibited deliberate indifference to his serious medical needs in violation of the Eighth and Fourteenth Amendments by repeatedly failing to satisfy his requests for aspirins and antacids to alleviate his "headaches, nausea and pains."[2] Such isolated occurrences of neglect do not amount to a constitutional violation. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir.1986), *cert. denied*, 481 U.S. 1069, 107 S.Ct. 2462, 95 L.Ed.2d 871 (1987). Although they may constitute grounds for a medical malpractice claim, prison officials' failures to provide adequate medical care do not rise to the level of "unnecessary and wanton infliction of pain" which is "repugnant" to the Constitution and "the conscience of mankind." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976), *reh'g denied*, 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977) ("Medical malpractice

does not become a constitutional violation merely because the victim is a prisoner."). Accordingly, since plaintiff's claim appears to be frivolous on the face of the complaint, we find that the district court did not abuse its discretion by denying plaintiff leave to file *in forma pauperis*.

B.  *The "Special Conditions" Placed on Plaintiff's Future In Forma Pauperis Filings*

■ We also review the district court's order placing "special conditions" on the plaintiff's future attempts to file *in forma pauperis* for an abuse of discretion. *Franklin*, 745 F.2d at 1231. "An order limiting a prisoner's access to the courts must be designed to preserve his right to adequate, effective and meaningful access [to the courts] ... while preserving the court from abuse." *Id.* at 1231–32.

■ This circuit recently announced guidelines to maintain this delicate balance between broad court access and prevention of court abuse: (1) a plaintiff must be given adequate notice to oppose a restrictive pre-filing order before it is entered; (2) a trial court must present an adequate record for review by listing the case filings that support its order; (3) the trial court must further make substantive findings as to the frivolousness or harassing nature of the plaintiff's filings; and (4) the order must be narrowly tailored to remedy only the plaintiff's particular abuses. *DeLong v. Hennessey*, 912 F.2d 1144, 1147–49 (9th Cir.1990).

■ The record does not indicate that O'Loughlin was given adequate notice and an opportunity to be heard before entry of the district court's order restricting his future filings. Accordingly, we remand to allow the trial court to give O'Loughlin the opportunity to oppose the order's filing.

Although the district court's order presents an adequate record for review by

---

**1.** The record does not indicate whether plaintiff was granted leave to file *in forma pauperis* in these cases; however, from the district court's finding that plaintiff has abused his *in forma pauperis* privilege, we may infer that such status was granted in at least some of these cases.

**2.** Plaintiff also indicates in his complaint that the prison facilities are overcrowded. This fact does not support plaintiff's allegations of deliberate indifference, either.

including a list of plaintiff's previously filed cases which led it to its conclusions, it fails to make explicit substantive findings as to the frivolousness or harassing nature of the plaintiff's filings. "Absent findings of harassment or frivolousness, we cannot uphold the district court's order." *Id.* at 1148.

Finally, the district court's order is not narrowly tailored to the plaintiff's claimed abuses. O'Loughlin's filings consisted of civil rights complaints and habeas corpus petitions. The district court order requires O'Loughlin to show "good cause" before he makes "any future request ... to proceed *in forma pauperis.*" To the extent this order encompasses more than future attempts by O'Loughlin to file civil rights cases or habeas corpus petitions, it is overly broad. *See De Long,* at 1148 (order enjoining filing of any further actions by plaintiff found overly broad since it was not restricted to actions with issues parallel to those which plaintiff persisted in litigating); *see also, Moy v. United States,* 906 F.2d 467, 470 (9th Cir.1990) (court order preventing plaintiff from filing any actions without leave of court deemed overly broad where plaintiff had only been overly litigious as to the same group of defendants). Accordingly, we remand to the district court on this issue as well.

In holding that the district court failed to follow the *DeLong* guidelines, we make no judgment as to whether plaintiff's past and present claims are in fact frivolous or abusive of the legal process. While district courts may not restrict filings in an overly broad manner, we emphasize that they also bear an affirmative obligation to ensure that judicial resources are not needlessly squandered on repeated attempts by litigants to misuse the courts. Frivolous and harassing claims crowd out legitimate ones and need not be tolerated repeatedly by the district courts.

Conclusion

The district court's denial of *in forma pauperis* status for the plaintiff is AF-

FIRMED. The order requiring plaintiff to meet special *in forma pauperis* filing prerequisites in the future, however, is REVERSED and REMANDED to the district court for disposition in accordance with the contours of this opinion.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.