133 F.3d 927
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George MAY, Plaintiff-Appellant,
v.
CIRCUS CIRCUS ENTERPRISES, INC.; Ramparts, Inc.; William
G. Bennett; Mel Larson; Clyde Turner,
Defendants-Appellees.
 No. 97-16055.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997**
Decided Dec. 17, 1997.
 
 Before SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 REED
 
 2
 George May appeals pro se the district court's dismissal on res judicata grounds of his action alleging that the defendants stole his idea for a pyramid-shaped hotel and casino. We have jurisdiction pursuant to 28 U.S.C. § 1291, and review de novo the district court's dismissal based on res judicata. See Western Radio Servs. Co., Inc. v. Glickman, 123 F.3d 1189, 1192 (9th Cir.1997). We affirm.
 
 
 3
 May contends that the district court erred by dismissing his instant action based on res judicata and enjoining him from filing any further actions against defendants based on the alleged theft of the pyramid-shaped hotel and casino concept without prior leave of the court. We disagree.
 
 
 4
 A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. See In re Imperial Corp. of America, 92 F.3d 1503, 1506 (9th Cir.1996).
 
 
 5
 The prior actions previously dismissed by the district court involved the same parties and substantially the same evidence and arose from the same transactional nucleus of facts. See id. The issue of whether defendants misappropriated May's idea for a pyramid-shaped hotel and casino was finally adjudged on the merits. May cannot defeat the application of res judicata by alleging new statutes or legal theories. See id. May has failed to adequately explain why he could not have raised his claims in his prior actions.
 
 
 6
 It was also proper for the district court to enjoin May from commencing any further actions against defendants based on the same issues already litigated. See O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir.1990) (stating four guidelines before prefiling injunction can be entered).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3