**Antolin ANDREWS, Plaintiff—Appellant,**

v.

**COUNTY OF LOS ANGELES, Defendant—Appellee.**

No. 01–56287.

D.C. No. CV–01–04319–TJH.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 10, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Antolin Andrews, a California state prisoner, appeals pro se the district court's denial of his motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion, *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir.1990), and vacate and remand.

The district court denied Andrews' in forma pauperis application for an inadequate showing of indigency and for failure to provide a certified copy of his trust fund statement for a full six-month period. An-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

drews did, however, submit a sworn declaration of his indigency and lack of assets, a certification from an authorized prison official that Andrews' trust account balance was zero for the prior six months, as well as a copy of his trust fund account statement from September 1, 2000 to February 13, 2001. The account statement showed that Andrews had no account activity for this five and one-half month period, and no money in his account.

Because these supporting documents sufficiently demonstrated Andrews' indigency, the district court abused its discretion by denying his in forma pauperis application. *See* 28 U.S.C. § 1915(a); *O'Loughlin*, 920 F.2d at 616. Accordingly, we vacate the district court's order and remand for further proceedings.

We deny Andrews' remaining requests.

VACATED and REMANDED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.