**Cornelius OGUNSALU, Plaintiff—Appellant,**

v.

**Mohan S. NAIR, M.D.; Barrington Psychiatric Center; UCLA School of Medicine; Jones Day; Shawn M. Larsen, Atty; Roadway Express, Inc.; John M. Glenn; Ralph Santarelli; Mike Alumbaugh; Van Goodwin, Atty, Defendants—Appellees.**

No. 03–55623.

D.C. No. CV–03–00320–K.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 4, 2004.*

Decided Dec. 1, 2004.

Cornelius Ogunsalu, El Cajon, CA, pro se.

Before SCHROEDER, Chief Judge, GOULD, and CLIFTON, Circuit Judges.

MEMORANDUM **

Cornelius Ogunsalu appeals a district court order denying him leave to proceed

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate .for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

in forma pauperis in his action for libel, medical malpractice, and alleged violations of the First Amendment and unspecified provisions of the United States Code. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Ogunsalu seeks to recover $1,000,000 in damages from several defendants who were involved in a previous lawsuit that Ogunsalu brought against his former employer, Roadway Express, Inc. Here, Ogunsalu again sued Roadway Express, Inc., along with his former employer's prior counsel, an expert witness from the prior case, as well as that witness's employer. Thus, in the current suit, Ogunsalu alleges that defendant Dr. Mohan S. Nair, an employee of defendants UCLA School of Medicine and Barrington Psychiatric Center, made libelous statements and committed medical malpractice as an expert witness presented by defendant counsel Jones Day and others on behalf of defendant Roadway Express, Inc., in the previous lawsuit.

The district court denied Ogunsalu's motion to proceed in forma pauperis, ruling that the receipt of $723 per month from Social Security and thousands of dollars in "refunds" from student loans was sufficient to allow Ogunsalu both to meet his daily needs and to pay court fees. The district court also found that Ogunsalu used the student loan funds to pay for non-educational expenses, including housing and two cars and noted that, when denied in forma pauperis status in previous lawsuits, Ogunsalu had paid court costs and proceeded with litigation.

To qualify for in forma pauperis status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims he or she seeks to pursue are not frivolous. 28 U.S.C. § 1915(a)(1), 1915(e)(2)(B)(i) (2000); *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir.1990). To meet the first prong of this test, a litigant must show that he or she "cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339, 69 S.Ct. 85, 93 L.Ed. 43 (1948).[1]

This first prong is dispositive. The district court did not abuse its discretion in concluding that the resources available to Ogunsalu, including his Social Security payments, refunds from student loans, and other assets, were sufficient both to pay his court costs and to provide for himself and his dependents. *See Adkins*, 335 U.S. at 339, 69 S.Ct. 85.[2]

AFFIRMED.

---

1. We review for abuse of discretion a district court's order denying a civil litigant leave to proceed in forma pauperis. *O'Loughlin*, 920 F.2d at 616.

2. Our conclusion is reinforced by Ogunsalu's record in previous litigation of paying court costs after being denied in forma pauperis status.