**Joseph MCINERNEY, Plaintiff—Appellant,**

v.

**SAN FRANCISCO HOUSING AUTHORITY; et al., Defendants—Appellees.**

**Nos. 04–17374, 05–16182, 05–16281.**

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided Aug. 1, 2006.

Joseph Mcinerney, San Francisco, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Jennifer Choi, San Francisco City Attorney's Office, San Francisco, CA, for Defendants–Appellees.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM **

These three pro se appeals arise from Joseph McInerney's housing discrimination action against the San Francisco Housing Authority and numerous others, including state court judges. In No. 04–17374, McInerney appeals pro se from the district court's order denying his application to proceed in forma pauperis ("IFP"). In No. 05–16182, he challenges the district court's order dismissing claims as to 24 defendants who were not properly served with his complaint. In No. 05–16281, he appeals from the district court's orders striking his amended complaint and terminating the action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion the denial of IFP status. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir.1990). We review a dismissal de novo, and we may affirm on any basis fairly supported by the record. *Vestar Dev. II v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir.2001).

The district court did not abuse its discretion in denying McInerney's IFP application because the application showed that he received regular income, and the court took McInerney's limited means into consideration by reducing the filing fee to $25.

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

*See* 28 U.S.C. § 1915(a)(1). No. 04–17374 is affirmed.

An order dismissing fewer than all claims against all parties is not a final appealable order. *See Indian Oasis–Baboquivari Unified Sch. Dist. v. Kirk*, 109 F.3d 634, 636 (9th Cir.1997) (en banc). No. 05–16182 is dismissed.

The district court did not err in dismissing the unserved defendants because it is undisputed that, even after a two-month extension, McInerney failed to serve 24 of the 26 named defendants in accordance with Fed.R.Civ.P. 4. *See* Fed.R.Civ.P. 4(m) ("If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant."); *Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1364 (9th Cir.1981) ("[A]n appeal from the final judgment draws in question all earlier non-final orders and all rulings which produced the judgment.").

The district court struck McInerney's amended complaint in the apparent belief that McInerney's decision to appeal the partial dismissal signaled his intention to stand on his original complaint. *See WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136–37 (9th Cir.1997) (en banc). If this was error, it was harmless because McInerney's amended complaint fails to state a claim for the same reasons the district court concluded the original complaint failed to do so. No. 05–16281 is affirmed.

McInerney's remaining contentions also lack merit.

**AFFIRMED.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

DISMISSED.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.