**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT BENNING BALTHROPE, II, | No. 09-17213 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01874-FCD-KJM |
| v. | |
| SACRAMENTO COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Jr., District Judge, Presiding

Submitted September 22, 2010[**]

Before:    WALLACE, HAWKINS, and THOMAS, Circuit Judges.

The district court did not abuse its discretion by applying judicial estoppel

because Robert Benning Balthrope, II, ("Balthrope") attempted to pursue legal

claims that he did not disclose during his bankruptcy proceedings. *See Hamilton v.*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*State Farm Fire & Cas. Co.*, 270 F.3d 778, 784 (9th Cir. 2001) (applying judicial estoppel where debtor failed to disclose a pending claim as an asset in a bankruptcy proceeding). Contrary to Balthrope's contention, he was required to amend his bankruptcy petition to include the post-petition claim because his Chapter 13 bankruptcy proceeding had not been closed, dismissed, or converted, and the property of the bankruptcy estate had not revested in him. *See* 11 U.S.C. § 1306(a)(1); *see also Hamilton*, 270 F.3d at 784 ("Judicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset.") (citation omitted).

The district court did not abuse its discretion by denying Balthrope's motion to proceed in forma pauperis after considering his income and assets as set forth in his bankruptcy action. *See* 28 U.S.C. § 1915(e)(2)(A) (case must be dismissed if "the allegation of poverty is untrue"); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

Balthrope's remaining contentions are unpersuasive.

**AFFIRMED.**