**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEFFREY E. WALKER, | No. 10-56970 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-05629-UA-PJW |
| v. | |
| DR. SCOTT, individual and official capacity; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, Chief Judge, Presiding

Submitted March 6, 2012[**]

Before:    B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Jeffrey E. Walker, a California state prisoner, appeals pro se from the district

court's order denying his request to proceed in forma pauperis in his 42 U.S.C.

§ 1983 action alleging deliberate indifference.  We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo the district court's interpretation and application of 28 U.S.C. § 1915(g), *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007), and for an abuse of discretion its denial of leave to proceed in forma pauperis, *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). We reverse and remand.

The district court improperly denied Walker's request to proceed in forma pauperis because Walker made plausible allegations that he was "under imminent danger of serious physical injury" at the time he lodged the complaint, including that his repeated placement in double-cell housing without first completing treatment for coping in that environment caused his mental health to deteriorate such that he became suicidal and violent towards others. 28 U.S.C. § 1915(g); *see also Andrews*, 493 F.3d at 1055 (an exception to the three-strikes rule exists "if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

To the extent that Walker seeks a preliminary injunction, we deny the request.

Walker shall bear his own costs on appeal.

**REVERSED and REMANDED.**

10-56970