**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ENRIQUE MENDEZ, AKA Melinda Gabriella Valenzuela, | No. 11-17175 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01293-NVW-MHB |
| v. | |
| ARIZONA DEPARTMENT OF CORRECTIONS; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted June 26, 2012**

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Enrique Mendez, also known as Melinda Gabriella Valenzuela, an Arizona

state prisoner, appeals pro se from the district court's judgment denying him leave

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

to proceed in forma pauperis in his 42 U.S.C. § 1983 action alleging violations of the Eighth Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's interpretation and application of 28 U.S.C. § 1915(g), *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007), and for an abuse of discretion its denial of leave to proceed in forma pauperis, *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). We reverse and remand.

The district court abused its discretion by denying Mendez's request to proceed in forma pauperis because, even though he is a three-strikes filer, Mendez made plausible allegations that he faced an "imminent danger of serious physical injury," including that just weeks before filing the complaint he had been brutally beaten by defendant prison officials and then threatened with death if he sought to hold the perpetrators liable. *See* 28 U.S.C. § 1915(g); *Andrews*, 493 F.3d at 1056-57 (holding that "a prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception" and noting that "§ 1915(g) merely establishes a threshold procedural question and does not ask the court to evaluate the merits of the suit").

Mendez shall bear his own costs on appeal.

**REVERSED and REMANDED.**

11-17175