**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SPENCER JONES, | No. 11-55318 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-09908-UA-DUTY |
| v. | |
| HOLLY PARK MOTEL; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Submitted, February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Spencer Jones appeals pro se from the district court's order denying his

application to proceed in forma pauperis ("IFP") in his 42 U.S.C. § 1983 action

alleging violations of the Fourth and Fourteenth Amendments.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion, *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990), and we affirm.

The district court did not abuse its discretion by denying Jones's motion to proceed IFP because Jones failed to allege facts in the proposed complaint sufficient to state a claim. *See id*. at 616-17 (district court may deny leave to proceed IFP "at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit"); *see also United States v. Dorais*, 241 F.3d 1124, 1128-29 (9th Cir. 2001) (holding that hotel guest no longer had a reasonable expectation of privacy in a room when the staff had taken "affirmative steps" to remove him). Moreover, the court gave Jones notice of the deficiencies in his complaint and denied the IFP motion without prejudice to filing another motion if Jones could cure the deficiencies in his complaint, but Jones failed to do so.

We reject Jones's contention that the district court's denial of his motion to proceed IFP violated his "fundamental constitutional right of access to the courts."

We do not consider arguments raised for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**

11-55318