**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**



DEC 10 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDDIE YOUNG, | No. 12-16997 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-00864-AWI-GBC |
| v. | |
| T. PETERSON; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted November 19, 2013[**]

Before:    CANBY, TROTT, and THOMAS, Circuit Judges.

California state prisoner Eddie Young appeals pro se from the district court's

order denying his application to proceed in forma pauperis under 28 U.S.C.

§ 1915(g) in his 42 U.S.C. § 1983 action alleging retaliation and other claims.  We

have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of discretion the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denial of an application to proceed in forma pauperis, *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990), and we affirm.

The district court did not abuse its discretion in denying Young's application to proceed in forma pauperis because at least three of Young's prior federal actions were dismissed for failure to state a claim, and Young failed to allege sufficient facts to show that he was under an imminent danger of serious physical injury when he lodged his complaint. *See Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (under § 1915(g), commonly known as the "three strikes" provision, a prisoner with three or more prior dismissals for failure to state a claim cannot proceed in forma pauperis); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (an exception to the three-strikes rule under § 1915(g) exists only where "the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

**AFFIRMED.**

12-16997