FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEE V. QUILLAR, | No. 13-55141 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-03004-JAH-MDD |
| V. | |
| HERBERT J. EXARHOS, Superior Court Judge; COUNTY OF SAN DIEGO, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted June 25, 2014**

Before:     HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

California state prisoner Lee V. Quillar appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action for failure to pay the

required filing fee after denying his application to proceed in forma pauperis under

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1915(g). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's interpretation and application of § 1915(g), *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007), and for an abuse of discretion its denial of leave to proceed in forma pauperis, *O'Loughin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). We affirm.

The district court did not abuse its discretion by denying leave to proceed in forma pauperis because Quillar had three strikes under § 1915(g), and he did not allege that he was under imminent danger of serious physical injury. *See Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (if three of a prisoner's prior federal actions or appeals were dismissed for failure to state a claim, they count as "strikes" under § 1915(g), and the prisoner cannot proceed in forma pauperis unless he or she is under imminent danger of serious physical injury). Moreover, dismissal of Quillar's action was proper because, contrary to Quillar's contention, all three dismissals on which the district court relied are final. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1100 (9th Cir. 2011) ("[A] district court's dismissal of a case does not count as a 'strike' under § 1915(g) until the litigant has exhausted or waived his opportunity to appeal.").

Because we affirm the dismissal of Quillar's action for failure to pay the filing fee, we do not consider Quillar's arguments about the merits of his claims,

including in his letter to the court, filed on June 18, 2014. Accordingly, Quillar's motion for judicial notice of various documents related to the merits of his claims, filed on April 26, 2013, is denied.

**AFFIRMED.**