**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 8 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



DANNY JAMES COHEA,

        Plaintiff - Appellant,

  v.

NANCY GRANNIS, Chief of Inmate
Appeals Branch; et al.,

        Defendants - Appellees.

No. 13-17582

D.C. No. 1:12-cv-01739-LJO-MJS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted September 23, 2014[**]

Before:    W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

California state prisoner Danny James Cohea appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action for failure to comply with

the court's order to pay the required filing fee after revoking his in forma pauperis

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

status under 28 U.S.C. § 1915(g). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's interpretation and application of § 1915(g), *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007), and for an abuse of discretion its denial of leave to proceed in forma pauperis, *O'Loughin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). We vacate and remand.

The district court properly determined that at least three of Cohea's prior § 1983 actions were dismissed on the basis that they were frivolous, malicious, or failed to state a claim. *See* 28 U.S.C. § 1915(g); *see also Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (for purposes of § 1915(g), district court must look at dismissal orders and other relevant records to determine if the basis of prior dismissals was that the action was frivolous, malicious, or failed to state a claim).

However, the district court improperly revoked Cohea's in forma pauperis status and ordered him to pay the filing fee because Cohea sufficiently alleged that he faced a serious threat of imminent physical harm related to being attacked by other cell mates after defendants allegedly falsely designated him a rapist and an exhibitionist. *See Cervantes*, 493 F.3d at 1055 (the "limited office of § 1915(g)" concerns "only a threshold procedural question," and does not require "an overly detailed inquiry into whether the [imminent harm] allegations qualify for the exception" as long as they "plausbily raise[] the specter of serious physical

injury").

Accordingly, we vacate and remand for further proceedings consistent with this disposition.

Because we vacate the district court's revocation of Cohea's in forma pauperis status, we do not reach the issue of whether the district court properly dismissed his action for failure to comply with its order to pay the filing fee.

Cohea's request for judicial notice of a related case in which he was also denied in forma pauperis status, set forth in his opening brief, is granted.

Cohea's request for the recusal of the district court judge and magistrate judge on remand, set forth in his opening brief, is denied.

**VACATED and REMANDED.**