UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEE V. QUILLAR,<br><br>        Plaintiff - Appellant,<br><br> V.<br><br>HERBERT J. EXARHOS, Superior Court Judge and COUNTY OF SAN DIEGO,<br><br>        Defendants - Appellees. | No. 13-55141<br><br>D.C. No. 3:12-cv-03004-JAH-MDD<br>Southern District of California, San Diego<br><br><br>ORDER |

Before:     HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

We sua sponte withdraw the memorandum disposition filed on July 7, 2014, and file a replacement memorandum disposition concurrent with this order.

Quillar's petition for rehearing en banc and concurrent motion for judicial notice are denied as moot.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEE V. QUILLAR, | No. 13-55141 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-03004-JAH-MDD |
| V. | |
| HERBERT J. EXARHOS, Superior Court Judge; COUNTY OF SAN DIEGO, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted June 25, 2014[**]

Before:     HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

California state prisoner Lee V. Quillar appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action for failure to pay the

required filing fee after denying his application to proceed in forma pauperis under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1915(g). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's interpretation and application of § 1915(g), *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007), and for an abuse of discretion its denial of leave to proceed in forma pauperis, *O'Loughin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). We vacate and remand.

The district court properly concluded that two of Quillar's prior federal actions or appeals constitute strikes under § 1915(g), and that the dismissals in both are final. *See Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (if a prisoner's prior federal actions or appeals were dismissed for failure to state a claim, they count as "strikes" under § 1915(g)); *see also Silva v. Di Vittorio*, 658 F.3d 1090, 1100 (9th Cir. 2011) ("[A] district court's dismissal of a case does not count as a 'strike' under § 1915(g) until the litigant has exhausted or waived his opportunity to appeal.").

However, it is not clear whether the third dismissal on which the district court relied constitutes a strike. Quillar filed this action in state court, alleging federal and state law claims, and though defendants successfully removed it, this may not constitute a "federal" action for purposes of § 1915(g). Moreover, the dismissal of only Quillar's federal claims in this action, and the remand of his state law claims, does not satisfy the requirement under § 1915(g) that the entire action

be dismissed for failure to state a claim or as frivolous. Therefore, we vacate the denial of Quillar's application to proceed in forma pauperis and the dismissal of his action for failure to pay the filing fee, and remand.

Because we remand for further proceedings, we do not consider Quillar's arguments regarding the merits of his claims, including in his letter to the court, filed on June 18, 2014. Accordingly, Quiller's motion for judicial notice of documents related to the merits of his claims, filed on April 26, 2013, is denied.

**VACATED and REMANDED.**