FILED

DEC 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KALIF SMYER,

               Plaintiff - Appellant,

   v.

UNITED STATES OF AMERICA,

               Defendant - Appellee.

No. 14-55406

D.C. No. 5:14-cv-00140-UA-AN

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George H. King, Chief Judge, Presiding

Submitted December 9, 2014[**]

Before:    WALLACE, LEAVY, and BYBEE, Circuit Judges.

    Kalif Smyer, a federal prisoner, appeals pro se from the district court's order

denying his request to proceed in forma pauperis ("IFP") in his Federal Tort

Claims Act ("FTCA") action alleging negligence. We have jurisdiction under 28

U.S.C. § 1291. We review for an abuse of discretion, *O'Loughlin v. Doe*, 920 F.2d

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

614, 616 (9th Cir. 1990), and we reverse and remand.

The district court denied Smyer's motion to proceed IFP because it concluded that Smyer's action failed on the merits. However, it mischaracterized Smyer's claim as one for deliberate indifference, when the action was one for negligence under the FTCA, and the United States is not immune from suit. *See United States v. Muniz*, 374 U.S. 150, 153 (1963) (a federal prisoner may maintain a claim for damages against the United States under the FTCA for injuries sustained as a result of fault on the part of government employees).

The district court also indicated in its order denying IFP that Smyer had made an inadequate showing of indigency and had not obtained certification of his prison account balance from an authorized officer. On remand, the district court should allow Smyer to supplement his showing of indigency and, if applicable, to obtain any necessary certification from prison officials.

**REVERSED and REMANDED.**

14-55406