NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 4 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN THOMAS ENTLER, | No. 13-36116 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-05098-LRS |
| v. | |
| JOENNE McGERR, Program Manager; BELINDA D. STEWART, Corrections Program Administrator, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Submitted August 25, 2015**

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Washington state prisoner John Thomas Entler appeals pro se from the

district court's judgment dismissing for failure to pay the required filing fee for his

42 U.S.C. § 1983 action alleging violations of the First Amendment and the

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

Religious Land Use and Institutionalized Persons Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's interpretation and application of 28 U.S.C. § 1915(g), *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007), and for an abuse of discretion its denial of leave to proceed in formal pauperis, *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). We affirm.

The district court did not abuse its discretion by denying Entler's request to proceed in forma pauperis because at least three of Entler's prior § 1983 actions were dismissed as frivolous or for failure to state a claim, and Entler did not plausibly allege that he was "under imminent danger of serious physical injury" at the time he lodged the complaint. 28 U.S.C. § 1915(g); *see also Andrews*, 493 F.3d at 1055 (an exception to the three-strikes rules exists only where "the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

Entler's reliance on the *Noerr-Pennington* doctrine is misplaced.

We do not consider allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**