**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| RICHARD ROY SCOTT, | No. 14-35501 |
| Plaintiff - Appellant, | D.C. No. 3:05-mc-05029-MJP |
| v. | |
| PACIFIC COUNTY; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief Judge, Presiding

Submitted November 18, 2015[**]

Before:    TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Richard Roy Scott, who is civilly committed, appeals pro se from the district court's order denying his application to proceed in forma pauperis. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *O'Loughin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). We reverse and remand.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

In a prior action, *Scott v. Weinberg*, No. 3:06-cv-05172-FDB (W.D. Wash. Mar. 27, 2007), the district court imposed a vexatious litigant order barring Scott from filing a complaint in forma pauperis unless he alleges that he is "under imminent danger of serious physical injury" consistent with the pre-filing requirements set forth in 28 U.S.C. § 1915(g). In the instant action, the district court improperly denied Scott's motion to proceed in forma pauperis because Scott plausibly alleged that he was "under imminent danger of serious physical injury" at the time that he lodged the complaint, which included allegations that two violent individuals were transferred into his living unit, one of whom threatened to kill Scott. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055-56 (9th Cir. 2007) (discussing imminent danger under § 1915(g)).

We do not consider Scott's challenge to the validity of the vexatious litigant order because Scott failed to raise the issue before the district court. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**REVERSED and REMANDED.**