**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| RAYMOND ALFORD BRADFORD, | No. 15-15071 |
| Plaintiff - Appellant, | D.C. No. 1:14-cv-01689-LJO-BAM |
| v. | |
| M. MARCHAK, et al., | MEMORANDUM[*] |
| Defendant - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief District Judge, Presiding

Submitted June 23, 2016[**]
San Francisco, California

Before: THOMAS, Chief Judge and HAWKINS and McKEOWN, Circuit Judges.

California state prisoner Raymond Alford Bradford appeals pro se from the

district court's judgment denying leave to proceed in forma pauperis in his 42

U.S.C. § 1983 action alleging violations of his constitutional right to be free from

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

cruel and unusual punishment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's interpretation and application of 28 U.S.C. § 1915(g). *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007). We review denial of leave to proceed in forma pauperis for abuse of discretion. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). We reverse and remand.

Under 28 U.S.C. § 1915(g), a prisoner cannot proceed in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Bradford is subject to § 1915(g) because at least three of Bradford's prior § 1983 cases were dismissed as frivolous or for failure to state a claim.

To fall under the imminent danger exception to § 1915(g), Bradford need only make a "plausible allegation" of "imminent danger." *Andrews*, 493 F.3d at 1055. Because "the limited office of § 1915(g) in determining whether a prisoner can proceed in forma pauperis counsels against an overly detailed inquiry into the allegations that qualify for the exception," *Williams v. Paramo*, 775 F.3d 1182, 1189-90 (9th Cir. 2015) (citing *Andrews*, 493 F.3d at 1055), Bradford plausibly

2

alleged "imminent danger of serious physical injury" given his allegations of chest pain, dizziness, blurred vision and headaches from ongoing involuntary psychotropic medication.  On remand, the district court is encouraged to consider appointing pro bono counsel.

**REVERSED and REMANDED.**