NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 24 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NANCY JANE GEIGER, | No. 14-56865 |
| Plaintiff-Appellant, | D.C. No. 5:14-cv-02086-UA-AGR |
| v. | |
| CITY OF CHINO, a municipal entity; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Submitted August 16, 2016**

Before:    O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Nancy Jane Geiger appeals pro se from the district court's order denying her

request to proceed in forma pauperis ("IFP") in her 42 U.S.C. § 1983 action

alleging federal claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review

de novo the district court's conclusion that Geiger's action is barred by *Heck v.*

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Humphrey*, 512 U.S. 477 (1994), *Beets v. County of Los Angeles*, 669 F.3d 1038, 1041 (9th Cir. 2012), and for an abuse of discretion the district court's denial of leave to proceed IFP, *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). We affirm.

The district court properly concluded that Geiger's action is *Heck*-barred because success on her claims would necessarily demonstrate the invalidity of her infraction conviction, and she failed to allege that her conviction had been invalidated. *See Whitaker v. Garcetti*, 486 F.3d 572, 583-84 (9th Cir. 2007) (irrespective of the relief sought, *Heck* bars § 1983 claims which would necessarily imply the invalidity of a conviction, unless the plaintiff can show that the conviction has been invalidated); *see also Lyall v. City of Los Angeles*, 807 F.3d 1178, 1190-92 (9th Cir. 2015) (concluding plaintiff's claims were *Heck*-barred where they necessarily called into question his infraction conviction and he failed to challenge the conviction prior to filing the § 1983 suit). Thus, the district court did not abuse its discretion in denying Geiger leave to proceed IFP. *See O'Loughlin*, 920 F.2d at 617.

**AFFIRMED.**

14-56865