NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 17 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LANCE WILLIAMS, | No. 16-16210 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-02143-WBS-CKD |
| v. | |
| D. JUST, Correctional Officer, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted August 9, 2017[**]

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Lance Williams, a California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to pay the filing fee after revoking his in forma pauperis ("IFP") status because he had three strikes under the Prison Litigation Reform Act. We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  We review de novo a dismissal under 28 U.S.C. § 1915(g).

*Andrews v. King*, 398 F.3d 1113, 1118 n.6 (9th Cir. 2005).  We affirm.

The district court properly revoked Williams' IFP status because at the time Williams filed the complaint, he had filed three actions that qualified as "strikes," and he did not plausibly allege that he was "under imminent danger of serious physical injury" at the time he lodged the complaint.  *See* 28 U.S.C. § 1915(g); *Coleman v. Tollefson*, 135 S.Ct. 1759, 1763 (2015) ("[P]rior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal."); *Belanus v. Clark*, 796 F.3d 1021, 1030 (9th Cir. 2015) (dismissal for failure to state a claim because claims were time barred properly counted as a strike); *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) (discussing the imminent danger exception to § 1915(g)).

We reject as unsupported Williams' contention that he was not a California state prisoner at the time he filed the complaint.

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).  We do not consider documents and facts not presented to the district court.  *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

16-16210

Williams' request for judicial notice, set forth in his opening brief, is granted.

**AFFIRMED.**

16-16210