**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TANYA GRACE McDANIEL, | No. 17-16335 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-02627-KJM-EFB |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted May 15, 2018**

Before:     SILVERMAN, BEA, and WATFORD, Circuit Judges.

Tanya Grace McDaniel appeals pro se from the district court's judgment

dismissing her 42 U.S.C. § 1983 action alleging constitutional and statutory

violations and its order imposing a pre-filing restriction on her as a vexatious

litigant.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

---

        *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014), and for an abuse of discretion a pre-filing order, *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056 (9th Cir. 2007). We affirm in part, vacate in part, and remand.

The district court properly dismissed McDaniel's action because McDaniel failed to allege facts sufficient to state any plausible claim. *See Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (explaining supervisory liability under § 1983); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court did not abuse its discretion by denying McDaniel leave to amend the complaint because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

The district court found that McDaniel met the definition of a vexatious litigant under California law and the local rules of court. *See* Cal. Civ. Proc. Code § 391(b)(1) (defining "vexatious litigant"); E.D. Cal. L.R. 151(b) (adopting certain provisions of Cal. Civ. Proc. Code relating to vexatious litigants). However, the

2                                                                          17-16335

district court failed to make explicit substantive findings as to the frivolousness or harassing nature of McDaniel's prior filings and failed to tailor narrowly the pre-filing order to the abuses. *See Molski*, 500 F.3d at 1057-61 (describing federal requirements for a pre-filing order based on a vexatious litigant determination); *see also O'Loughlin v. Doe*, 920 F.2d 614, 618 (9th Cir. 1990) (reversing pre-filing order that was not narrowly tailored and where district court failed to make requisite findings). We therefore vacate the district court's pre-filing order, and remand for the district court to make the requisite findings in the first instance.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**