NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ILIJUMKUC MACON, | No. 18-56569 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-04114-SVW-RAO |
| v. | |
| C. ELLIOTT, Psychiatrist at California Men's Colony (CMC), individual/official capacity, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted November 9, 2020**

Before: THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

California state prisoner Ilijumkuc Macon appeals pro se from the district

court's order denying him in forma pauperis status and dismissing for failure to

state a claim his 42 U.S.C. § 1983 action alleging deliberate indifference to his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the denial of in forma pauperis status. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). We affirm.

The district court did not abuse its discretion in denying Macon in forma pauperis status because Macon failed to allege facts sufficient to show that defendant was deliberately indifferent to Macon's mental health needs and the side effects of Macon's medication. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; a difference of opinion concerning the course of treatment, medical malpractice, and negligence in diagnosing or treating a medical condition do not amount to deliberate indifference).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**