**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 24 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM JAMES MATHEW WALLACE II, <br><br> Plaintiff-Appellant, <br><br> and <br><br> KENDRIC CHRISTIAN JOHNSON; et al., <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF CORRECTIONS AND REHABILITATION; et al., <br><br> Defendants-Appellees. | No. 20-55570 <br><br> D.C. No. 2:20-cv-03288-FMO-GJS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted February 17, 2021**

Before:    FERNANDEZ, BYBEE, and BADE, Circuit Judges

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

California state prisoner William James Mathew Wallace II appeals pro se from the district court's order dismissing his 42 U.S.C. § 1983 action alleging unsanitary conditions in his former prison after denying Wallace's motion to proceed in forma pauperis ("IFP"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for improper venue, *Immigrant Assistance Project of the L.A. Cty. Fed'n of Labor (AFL-CIO) v. INS*, 306 F.3d 842, 868 (9th Cir. 2002), and for an abuse of discretion a denial of an IFP motion, *O'Loughlin v. Doe,* 920 F.2d 614, 616 (9th Cir. 1990). We affirm.

The district court properly dismissed Wallace's action for improper venue because Wallace failed to establish that any defendant resides in the Central District of California or that a substantial part of the events or omissions giving rise to his claims occurred there. *See* 28 U.S.C. § 1391(b)(1), (2) (describing where a civil action may be brought); *see also* 28 U.S.C. § 1406(a) ("A district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**