**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| KRISHNA REDDY,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>CBAY SYSTEMS HOLDINGS, LTD.; et al.,<br><br>　　　　Defendants - Appellees. | No. 13-16658<br><br>D.C. No. 5:12-cv-01324-PSG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Paul S. Grewal, Magistrate Judge, Presiding[**]

Submitted July 22, 2014[***]

Before:　　GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

　　Krishna Reddy appeals pro se from the district court's judgment dismissing

her employment action alleging various federal and state law claims.  We have

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　[**]　　The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

　　[***]　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal for failure to serve, *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511 (9th Cir. 2001), and de novo a dismissal for failure to state a claim, *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court did not abuse its discretion by dismissing Reddy's action against the individual defendants because Reddy failed to serve them properly, and failed to establish good cause for the lack of service when the court gave her notice and an opportunity to do so. *See* Fed. R. Civ. P. 4(m) (district court may sua sponte dismiss an action for failure to serve "after notice to the plaintiff"); *see also* Fed. R. Civ. P. 4 (requirements for proper service on an individual); *In re Sheehan*, 253 F.3d at 511 (good cause showing to extend time to effect proper service).

The district court properly dismissed Reddy's action against the remaining defendants as precluded by the doctrine of res judicata because Reddy alleged nearly identical claims related to the same employment relationship against these defendants, or parties with whom they are in privity, in two prior actions in which there were final judgment on the merits. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956-57 (9th Cir. 2002) (setting forth elements of res judicata, and noting that it bars subsequent litigation of claims that were raised and that could have been raised in the prior action); *United States v. Schimmels (In re Schimmels)*, 127 F.3d

875, 881 (9th Cir. 1997) (privity exists for purposes of res judicata where the interests of a non-party were represented adequately by a party in the original suit).

The district court did not abuse its discretion by declaring Reddy a vexatious litigant after giving her notice and an opportunity to be heard, developing an adequate record, making findings regarding her previous frivolous actions against these and other parties, and narrowly tailoring the pre-filing order. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056-57 (9th Cir. 2007) (per curiam) (setting forth standard of review and factors that district courts must examine before entering a pre-filing review order against a vexatious litigant).

The district court did not abuse its discretion by denying Reddy's motion for disqualification because Reddy failed to establish grounds for such relief, and by denying as moot Reddy's motion to proceed in forma pauperis because Reddy already paid the filing fee. *See Voigt v. Savell*, 70 F.3d 1552, 1565 (9th Cir. 1995) (setting forth standard of review and factors warranting judicial disqualification under 28 U.S.C. § 455); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990) (setting forth standard of review from the denial of an application to proceed in forma pauperis); *Lipscomb v. Madigan*, 221 F.2d 798 (9th Cir. 1955) (dismissing as moot an appeal from the denial of an application to proceed in forma pauperis because appellant subsequently paid the filing fee).

3                                                                         13-16658

We reject Reddy's contentions regarding the district court's allegedly erroneous grant of defendants' motion for judicial notice and denial of her motion for default judgment; the recusal of all "Republican President-nominated" judges on this court; and the reassignment of this case to a different district court judge.

Reddy's request for an order requiring defendants to pay the filing fees we waived for her appeal, set forth in her opening and reply briefs, is denied.

**AFFIRMED.**