

explaining that a district court's decision to deny discovery "will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

We reject Rodgers's contentions regarding judicial bias and the district court's alleged failure to allow him further discovery.

We do not consider arguments and allegations raised for the first time on appeal, or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright,* 587 F.3d 983, 985 n. 2 (9th Cir.2009) (per curiam).

Rodgers's motion for the entry of default and request for appointment of counsel, filed on April 20, 2015, are denied.

Appellees's motion for an extension of time, filed on April 30, 2015, is denied as moot.

**AFFIRMED.**

Before: CANBY, BEA, and MURGUIA, Circuit Judges.

### MEMORANDUM [**]

Eddie Young appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action without prejudice after denying Young's request to proceed in forma pauperis under 28 U.S.C. § 1915(g). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's interpretation and application of 28 U.S.C. § 1915(g), *Andrews v. King,* 398 F.3d 1113, 1118 (9th Cir.2005), and for an abuse of discretion its denial of leave to proceed in forma pauperis, *O'Loughlin v. Doe,* 920 F.2d 614, 616 (9th Cir.1990). We affirm.

The district court did not abuse its discretion in denying Young's request to proceed in forma pauperis because at least three of Young's prior § 1983 actions were dismissed for failure to state a claim, and Young did not plausibly allege that he was "under imminent danger of serious physical injury" at the time he lodged the complaint. 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes,* 493 F.3d 1047, 1055 (9th Cir.2007) (an exception to the three-strikes rule applies "if the complaint makes a plausible allegation that the prisoner 'faced imminent danger of serious physical injury' at the time of filing").

Because Young failed to pay the filing fee as ordered, the district court did not

---

**Eddie YOUNG, Plaintiff–Appellant,**

v.

**A. MARTINEZ; et al., Defendants–Appellees.**

No. 14–15649.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2015.[*]

Filed July 31, 2015.

Eddie Young, Tehachapi, CA, pro se.

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

abuse its discretion in dismissing Young's action without prejudice for failure to comply with a court order. *See Pagtalunan v. Galaza,* 291 F.3d 639, 640 (9th Cir.2002) (setting forth standard of review and factors for a district court to consider in determining whether to dismiss for failure to comply with a court order).

**AFFIRMED.**

---

**Joseph P. BECKER, Plaintiff–Appellant,**

v.

**CLASSIFICATION STAFF REPRESENTATIVE; J. Lizarraga, Warden, Defendants–Appellees.**

No. 14–16259.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2015.*

Filed July 31, 2015.

Joseph P. Becker, Corcoran, CA, pro se.

Before: CANBY, BEA, and MURGUIA, Circuit Judges.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM ***

California state prisoner Joseph Becker appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action seeking to enjoin his transfer to Sierra Conservation Camp State Prison. We dismiss.

After filing this appeal, Becker was transferred to Corcoran State Prison. Therefore, we dismiss Becker's appeal as moot. *See Nelson v. Heiss,* 271 F.3d 891, 897 (9th Cir.2001) ("[W]hen a prisoner is moved from a prison, his action will usually become moot as to conditions at that particular facility."); *Johnson v. Moore,* 948 F.2d 517, 519 (9th Cir.1991) (per curiam) (prisoner's claims were moot when prisoner was transferred and demonstrated no reasonable expectation of returning to that prison).

**DISMISSED.**

---

**Lee Wendell RIELS, Plaintiff–Appellant,**

v.

**Kathleen ALLISON, Warden; et al., Defendants–Appellees.**

No. 14–16271.

United States Court of Appeals, Ninth Circuit.

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.