**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| KEVIN LYNN FERNANDEZ, | No. 14-15804 |
| Plaintiff - Appellant, | D.C. No. 3:13-cv-00670-RCJ-WGC |
| v. | |
| BERT JACKSON; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted July 26, 2016**

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Kevin Lynn Fernandez, a Nevada state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal

and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de

novo. *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (dismissal under

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm in part, reverse in part, vacate in part, and remand.

The district court properly dismissed Fernandez's retaliation claim against all defendants, except Jackson and Marikami, because Fernandez failed to allege facts sufficient to show that defendants other than Jackson and Marikami labeled him as mentally ill because of any protected conduct. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a retaliation claim in the prison context). However, because Fernandez was not given an opportunity to amend this claim, Fernandez should be granted leave to amend to cure any deficiencies. *See Weilburg*, 488 F.3d at 1205 ("Dismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation and internal quotation marks omitted)); *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725 (9th Cir. 2000) (standard of review).

Fernandez alleged that defendants Jackson and Marikami changed Fernandez's mental health records because he filed a grievance against them. Thus, we conclude that the district court erred in dismissing Fernandez's retaliation claim against Jackson and Marikami because Fernandez alleged facts sufficient to

show that these defendants labeled him as mentally ill because he engaged in protected conduct. *See Rhodes*, 408 F.3d at 567-68.

The district court properly dismissed Fernandez's due process claim to the extent that it was premised on his purported right to be eligible for parole because Nevada law does not create a liberty interest in parole. *See Moor v. Palmer*, 603 F.3d 658, 661 (9th Cir. 2010) ("Nevada's statutory parole scheme . . . expressly disclaims any intent to create a liberty interest."); *Neal v. Shimoda*, 131 F.3d 818, 827 (9th Cir. 1997) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." (citation and quotation marks omitted)). The district court did not abuse its discretion in dismissing this claim without leave to amend because the deficiencies cannot be cured by amendment. *See Weilburg*, 488 F.3d at 1205.

However, the district court overlooked Fernandez's allegations that he was subjected to mental health treatment against his will, was placed in a mental health unit, and had a right "not to be labe[l]ed as a high risk sex offender." *See Washington v. Harper*, 494 U.S. 210, 221-22 (1990) (a prisoner possesses a "liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause"); *Vitek v. Jones*, 445 U.S. 480, 493 (1980) (a

convicted felon "is entitled to the benefit of procedures appropriate in the circumstances before he is found to have a mental disease and transferred to a mental hospital"); *see also Neal*, 131 F.3d at 828-30 (applying *Vitek* in context of sex offender label). Accordingly, we vacate the judgment as to this due process claim so that the district court may consider this claim in the first instance.

The district court dismissed Fernandez's state law claims on the ground that violations of state law do not give rise to a claim for relief under § 1983. However, Fernandez expressly brought these claims under the district court's supplemental jurisdiction. *See* 28 U.S.C. § 1367. On remand, the district court should exercise its discretion as to whether it will review Fernandez's state law claims under its supplemental jurisdiction.

Because the district court denied Fernandez's motion to proceed in forma pauperis after concluding that Fernandez's complaint failed to state any claims, we reverse the denial of leave to proceed in forma pauperis for the district court to reconsider in light of our conclusion that the complaint states claims for relief. *See O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990) (standard of review).

**AFFIRMED in part, REVERSED in part, VACATED in part, and REMANDED.**