**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LANCE REBERGER, | No. 13-17135 |
| Plaintiff - Appellant, | D.C. No. 3:13-cv-00378-MMD-WGC |
| v. | |
| RENEE BAKER; ADAM WATSON; MICHAEL BYRNE, Administrative Law Judge; ROBERT LEGRAND, Warden; BAZE; DWIGHT NEVEN, Warden; COLE MORROW; REX REED; QUINTIN BYRNE; OFFENDER MANAGEMENT DIVISION (OMD); JAMES G. COX; ROBERT BANNISTER; NEVADA BOARD OF PRISON COMMISSIONERS, | MEMORANDUM[*] |
| Defendants - Appellees. | |

| | |
|---|---|
| LANCE REBERGER, | No. 14-15142 |
| Plaintiff - Appellant, | D.C. No. 3:13-cv-00522-MMD-WGC |
| v. | |
| JAMES G. COX, NDOC Director; RENEE BAKER; NDOC, Central | |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Transportation; ESP LAW LIBRARY
SUPERVISOR; N. YOUNG,

Defendants - Appellees.

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted April 4, 2016
Pasadena, California

Before: FARRIS, BEA, and M. SMITH, Circuit Judges.

Lance Reberger is a prisoner incarcerated in Nevada who has been placed in administrative segregation. In 2013, Reberger submitted two complaints pursuant to 42 U.S.C. § 1983, in conjunction with applications to proceed *in forma pauperis* (IFP). The district court denied both applications on the basis that Reberger had violated the "three-strikes" rule of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g). Under the PLRA, prisoners are ineligible for IFP status if they have brought three or more civil actions or appeals while incarcerated or detained that were dismissed on the grounds that they were "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *Id.* In this consolidated appeal,

2

Reberger disputes the validity of two[1] of the three strikes relied upon by the district court, as well as the conclusion that he has not satisfactorily alleged that he is in imminent danger of serious physical injury. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

1.     The district court properly counted *Reberger v. Offender Management Division*, No. 3:12-cv-00293 as a strike, notwithstanding the fact that Reberger's appeal of *Offender Management* was still pending at the time the district court denied him IFP status. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) (holding that a "prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal").

2.     The district court properly counted *Reberger v. Suter*, No. 3:11-cv-00073 as a strike, because *Suter* was dismissed on the grounds that Reberger had failed to state a claim. "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007). Such a dismissal is appropriate when an affirmative defense barring relief appears on the face of the complaint. *Id.* In *Suter*, it was clear from the face of the complaint that the affirmative defense of qualified immunity

---

[1]Reberger does not dispute that the third dismissal identified by the district court, *Reberger v. Cox*, No. 2:10 cv-02022, counts as a strike.

3

barred any relief for Reberger, and the court dismissed the case under Fed. R. Civ. P. 12(b)(6). *See Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (noting that the phrase "fails to state a claim upon which relief may be granted" in the PLRA "parallels the language of Federal Rule of Civil Procedure 12(b)(6)" (citation omitted)).

**3.**     Section 1915(g) provides an exception to the three-strikes rule "if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (quoting 28 U.S.C. § 1915(g)).

Reberger failed to make such an allegation in the first of the complaints that was consolidated on appeal, *Reberger v. Cox*. There, Reberger's conclusory allegation that he is suffering joint pain and arthritis as a result of his smaller exercise yard in administrative segregation does not constitute a plausible allegation of imminent danger.

The suggestion in his complaint that administrative segregation may cause him to be "denied [an] H[IV] medication[] 'dose' that could lead to medication[] resistance" is more serious, and comes closer to making such a showing. *See id.* at 1055 (plausible allegations showing that prison conditions may cause or worsen a chronic condition such as hepatitis C or HIV/AIDS meet the "imminent danger"

4

standard). However, Reberger's allegations on this score are too vague and speculative to invoke the exception to the three-strikes rule. He does not explain how administrative segregation would impact his medication or doses, other than to suggest that he is transferred often while in segregation. However, he also indicates that his transfers are to see a "so-called H[IV] specialist," and not related to his status as a segregated inmate.

In the second complaint in this consolidated appeal, *Reberger v. Baker*, Reberger makes no allegation at all that he is in imminent danger of serious physical injury.

The district court correctly concluded that Reberger has incurred three strikes under the PLRA and has not alleged that he is in imminent danger of serious physical injury. He is therefore ineligible to proceed IFP. We **AFFIRM.**