NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

MAR 20 2017

FOR THE NINTH CIRCUIT

LANCE REBERGER,

          Plaintiff-Appellant,

  v.

MICHAEL KOEHN; et al.,

          Defendants-Appellees.

No. 15-17430

D.C. No. 3:15-cv-00468-MMD-VPC

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted March 8, 2017**

Before:    LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

    Nevada state prisoner Lance Reberger appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 alleging deliberate indifference

to his serious medical needs and retaliation. We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo the district court's interpretation and application of the

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

"three-strikes" rule of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007). We review for an abuse of discretion the district court's denial of a motion to amend a complaint, *City of L.A. v. San Pedro Boat Works*, 635 F.3d 440, 446 (9th Cir. 2011), and the denial of leave to proceed in forma pauperis, *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). We reverse and remand.

The district court properly concluded that Reberger has three prior strikes, as this court determined in *Reberger v. Baker*, Nos. 13-17135 & 14-15142, 657 Fed. App'x 681 (9th Cir. Aug. 9, 2016).

However, the district court abused its discretion in denying Reberger leave to proceed in forma pauperis because both the original and proposed amended complaints plausibly allege that Reberger was under imminent danger of serious physical injury because defendants continue to refuse to give him his HIV and seizure medications regularly. *See* 28 U.S.C. § 1915(g); *see also Andrews*, 493 F.3d at 1055 (an exception to the three-strikes rule exists "if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing"). On remand, the district court shall permit Reberger to proceed in forma pauperis on the amended complaint.

15-17430

Reberger's "motion for case for submission" and "motion for reversal and remand" are denied as moot.

**REVERSED and REMANDED.**