**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MADHU SAMEER, | No. 18-16046 |
| Plaintiff-Appellant, | D.C. No. 1:17-cv-00886-AWI-EPG |
| v. | |
| THE RIGHT MOVE 4 U; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted December 11, 2019[**]

Before:     WALLACE, CANBY, and TASHIMA, Circuit Judges.

Madhu Sameer appeals pro se from the district court's judgment dismissing her action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal under Fed. R. Civ. P. 41(b). *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court did not abuse its discretion by dismissing Sameer's action for failure to comply with its order to amend the complaint to comply with Federal Rule of Civil Procedure 8(a). Despite the district court's warning and instruction, Sameer's third amended complaint was vague, confusing, and failed to allege clearly the bases for her claims. *See id.* at 1179-80 (affirming dismissal of a complaint under Rule 8 because it was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *see also* Fed. R. Civ. P. 8(a)(2) (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

The district court did not abuse its discretion by denying Sameer's motion to proceed in forma pauperis because the court's determination was based on its examination of her affidavit in support of her motion and her financial resources. *See O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (setting forth standard of review and explaining that a "reviewing court cannot reverse unless it has a definite and firm conviction that the court below committed a clear error of judgment").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

18-16046

Sameer's motions requesting this court to take judicial notice of the documents she attaches (Docket Entry Nos. 24 and 68) are denied because the documents are irrelevant to the issues on appeal. The Clerk is directed to strike the documents. Her motions requesting to file those documents under seal (Docket Entry Nos. 23 and 68) are denied as moot.

**AFFIRMED.**