**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HAMID MICHAEL HEJAZI, | No. 20-35151 |
| Plaintiff-Appellant, | D.C. No. 6:19-cv-01667-HZ |
| v. | |
| OREGON SUPREME COURT, public entity; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted December 14, 2021**

Before: WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Hamid Michael Hejazi appeals pro se from the district court's judgment

dismissing his action alleging federal and state law claims for failure to pay the

filing fee after the district court denied his application to proceed in forma

pauperis. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of discretion the denial of leave to proceed in forma pauperis. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). We may affirm on any basis supported by the record. *Id.* at 617. We affirm.

Denial of Hejazi's request to proceed in forma pauperis was not an abuse of discretion because the allegations in Hejazi's complaint were frivolous and without merit. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."); *O'Loughlin*, 920 F.2d at 617 (defining "frivolous" as having no arguable basis in fact or law); *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987) ("A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.").

The district court did not abuse its discretion in denying Hejazi's motion for reconsideration because Hejazi failed to establish any basis for relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

**AFFIRMED.**